IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KATHLEEN STEWART,

     Plaintiff,                    No. 2:10-cv-01648 GEB KJN

     v.

CINTAS CORPORATION NO. 3, and
DOES 1 through 50, inclusive,

     Defendants.           ORDER
_____/

        Presently before the court is the parties' "Stipulated Protective Order," which seeks an order limiting the use and dissemination of documents and information that the parties seek to designate as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." (See generally Stipulated Protective Order, Dkt. No. 18.)  The undersigned does not approve the proposed Stipulated Protective Order as drafted because it does not conform to the requirements of Eastern District Local Rule 141.1.  The Stipulated Protective Order raises additional concerns identified below.

        This court's Local Rule 141.1(c) provides:

> **(c)    Requirements of a Proposed Protective Order.**  All stipulations and motions seeking the entry of a protective order shall be accompanied by a proposed form of order.  Every proposed protective order shall contain the following provisions:

1

     (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

     (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

     (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

E. Dist. Local Rule 141.1(c). Although the Stipulated Protective Order makes the showing required by subsections (c)(1) and (c)(2) of Local Rule 141.1, it does not contain any provision addressing "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." E. Dist. Local Rule 141.1(c)(3). Thus, the parties have not made the showing required by Local Rule 141.1, and the undersigned does not approve the Stipulated Protective Order as proposed. However, the parties may either enter into a private agreement or file a proposed stipulated protective order that meets all of the requirements of the Federal Rules of Civil Procedure and this court's Local Rules.

  The undersigned also addresses two other aspects of the Stipulated Protective Order that the undersigned will not, or is not inclined to, approve. First, paragraphs 3 and 5 purport to dictate the procedures that will be used by the court in maintaining documents that are filed under seal upon approval of the court. Although these paragraphs generally conform with the procedures set forth in the Local Rules for requests to file documents under seal, the parties are reminded that the Local Rules, specifically including Local Rule 141, govern requests to file documents under seal. Moreover, the undersigned is not inclined to approve a stipulated protective order that imposes special requirements on the Clerk of Court insofar as the maintenance of the parties' documents is concerned.

  Second, paragraph 2 of the Stipulated Protective Order suggests, albeit ambiguously, that the court will retain jurisdiction over the disputes pertaining to the disclosure of "confidential information" and "attorneys' eyes only" information after the final termination of

this action.  (See Stipulated Protective Order ¶ 2 ("The provisions of this paragraph 2 shall survive final termination of this action.").)  The undersigned is strongly disinclined to approve any provision that creates such retained jurisdiction over the Stipulated Protective Order and related disputes after final termination of the action.[1]

        For the foregoing reasons, IT IS HEREBY ORDERED that the parties' Stipulated Protective Order is not approved, but without prejudice to the refiling of a sufficient proposed stipulated protective order if the parties are unable to reach a private agreement.

        IT IS SO ORDERED.

DATED:  May 16, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Eastern District Local Rule 141.1(f) provides: "Once the Clerk has closed an action, unless otherwise ordered, the Court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action."