IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KATHLEEN STEWART,<br><br>Plaintiff,<br><br>v.<br><br>CINTAS CORPORATION NO. 3,<br><br>Defendant.<br>________________________________ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:10-cv-01648-GEB-KJN<br><br>ORDER |

Plaintiff moves under Federal Rules of Civil Procedure 59(e) and 60(b) for reconsideration of the Court's order granting summary judgment in favor of Defendant. Specifically, Plaintiff requests that the Court vacate judgment entered in favor of Defendant, reconsider its evidentiary ruling which found that Plaintiff failed to show she had personal knowledge about matters on which she gave opinions in her original declaration, and reconsider Defendant's summary judgment motion in light of Plaintiff's supplemental declaration which is attached to her reconsideration motion. Further, Plaintiff requests that the Court grant Plaintiff relief from the judgment so that she may conduct discovery under Federal Rule of Civil Procedure 56(d) in opposition to Defendant's summary judgment motion. This Rule 56(d) request is denied because it was not made in connection with Defendant's summary judgment motion, and fails to show that good cause justifies authorizing

Plaintiff to conduct discovery after expiration of the prescribed discovery completion date. Defendant opposes the motion.

# I. DISCUSSION

## A. Rule 59(e)

Plaintiff seeks relief under Rule 59(e), which is "appropriate if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." S.E.C. v. Platforms Wireless Int'l Corp., 617 F.3d 1072, 1100 (9th Cir. 2010) (internal quotation marks omitted).

Plaintiff argues that "the Court erred in finding that Plaintiff's [original] declaration lacked foundation or that Plaintiff failed to produce evidence that she was qualified to interpret Defendant's re-route proposal," which Plaintiff opines supported her opposition to Defendant's summary judgment motion. (Mot. 5:14-16.) Defendant counters that Plaintiff does not present newly discovered evidence and that "a motion for reconsideration is an inappropriate vehicle for presenting additional facts or arguments available at the time of the original motion." (Opp'n 5:19-21.) Defendant also argues that "[n]either the Court's evidentiary ruling nor summary judgment ruling . . . [are] clearly erroneous . . . ." (Opp'n 6:25-26.) Plaintiff contends her "arguments could not have been reasonably presented earlier in the litigation because Plaintiff could not have anticipated that she would be perceived as unqualified to interpret the re-route proposal spreadsheet, when (as part of her daily duties in servicing her route) she interpreted the same information daily in the course of her employment." (Mot. 2:23-26.)

"The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Since Plaintiff did not explain at the summary judgment stage that her opinions in her original declaration were based on experience she had in her employment with Defendant, it was not clear error to refuse to consider Plaintiff's opinions. Since Plaintiff has not shown her reconsideration motion should be granted under Rule 59(e), this portion of her motion is denied.

**B. Rule 60(b)**

Plaintiff argues her reconsideration motion should be granted under Rule 60(b)(1), which prescribes: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. Proc. 60(b)(1). Plaintiff argues her "failure to include [information regarding her ability to read Defendant's re-route proposal in her] declaration in [support of] her Opposition to Defendant's Motion for Summary Judgment is at most, excusable neglect." (Mot. 5:9-10 (citing Pincay v. Andrews, 389 F.3d 853, 859 (9th Cir. 2004); Reply 4:17-19.) Defendant counters: "Determining whether an omission is 'excusable neglect' implicates the four-part balancing test articulated in Pioneer Investment Services Co. v. Brunswick Associated Ltd. Partnership, 507 U.S. 380, 123 L. Ed. 2d 74, 113 S. Ct. 1489 (1993)[,] . . . [and that] review of the Pioneer factors . . . reveals that Plaintiff's actions do not constitute excusable neglect." (Opp'n 9:25-27, 10:7-8.) Further, Defendant argues Plaintiff's reconsideration motion is barred by the law of the case

doctrine. (Opp'n 3:14.) However, this "doctrine is not a limitation on a tribunal's power, but rather a guide to discretion[]," and does not preclude the Court from deciding whether Plaintiff's Rule 60(b) reconsideration motion should be granted. United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997).

"To determine whether a party's failure . . . constitutes 'excusable neglect [under Rule 60(b)(1)],' courts must apply a four-factor [Pioneer] equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010) (citing Pioneer Invest. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). "We start by recognizing that Rule 60(b) is remedial in nature and . . . must be liberally applied." Id. at 1262 (internal quotation marks omitted).

Plaintiff does not argue under these factors in her motion, and Defendant makes only conclusory arguments concerning prejudice and the potential impact on the proceedings. Defendant argues in pertinent part that "[r]econsideration based on Plaintiff's failure . . . to submit admissible evidence, or . . . to raise a material issue of fact in opposition to summary judgment would clearly prejudice Defendant, undercut the judicial principle of finality, and result in extended delay of the judicial proceedings." (Opp'n 10:10-13.) However, Defendant does not explain how it would be prejudiced. Here, the record reveals that prejudice to the Defendant is minimal. "[Defendant] would . . . los[e] a quick victory and, should it ultimately los[e] the summary judgment motion on the merits, [the Court] would have . . . to

reschedule the [final pretrial conference and] trial date[s].” Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1225 (9th Cir. 2000). This degree of prejudice has not been shown sufficient to justify denial of relief under Rule 60(b)(1). Id. at 1225 (stating that the loss of “a quick victory” and the need to reschedule the trial date “is insufficient to justify denial of relief under Rule 60(b)(1)”).

Plaintiff filed her motion for reconsideration twenty-eight days after the entry of final judgment, which is a “short delay.” TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001) (finding that a motion filed less than a month after final judgment was entered was a “short delay”). Further, “there is no evidence that [Plaintiff] acted with anything less than good faith. H[er] error[] [in failing to provide an adequate foundation for the opinions in her declaration] resulted from negligence and carelessness, not from deviousness or willfulness.” Bateman, 231 F.3d at 1225.

Because the equities in this case weigh in favor of Plaintiff, Plaintiff is entitled to relief under Rule 60(b)(1).

## II. CONCLUSION

For the stated reasons, Plaintiff’s Rule 60(b) motion for relief is GRANTED. Therefore, the Order in Docket No. 39 is rescinded and the judgment is vacated. A separate order will issue on the merits of the summary judgment motion.

Dated: January 5, 2012

GARLAND E. BURRELL, JR.
United States District Judge